UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BRUCE A. DOWELL,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-451

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING ALJ MOTTA'S JULY 30, 2015 NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 7. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court on Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply (doc. 12), the administrative record (doc. 4),[1] and the record as a whole.

I.

**A.    Procedural History**

Plaintiff originally filed for DIB alleging a disability onset date of November 26, 2010. PageID 310-16. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, cervical degenerative disc disease, mild thoracic and lumbar degenerative

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

changes, obesity, mild left shoulder clavicle degenerative joint disease, bilateral knee pain (possibly due to Osgood-Schlater's syndrome) and mild degenerative changes in his feet. PageID 37.

After an initial denial of his application, Plaintiff received a hearing before ALJ Scott R. Canfield on December 19, 2012. PageID 84-127. ALJ Canfield issued a decision on May 18, 2013 finding Plaintiff not disabled. PageID 151-65. Specifically, ALJ Canfield found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[2] "there [were] jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 156-65. Thereafter, the Appeals Council granted Plaintiff's request for review, vacated ALJ Canfield's non-disability finding, and remanded the case to the ALJ for further proceedings.. PageID 170-73.

On remand from the Appeals Council, Plaintiff received a hearing before ALJ Elizabeth A. Motta on April 13, 2015. PageID 57-81. ALJ Motta issued a decision on July 30, 2015 finding Plaintiff not disabled. PageID 35-48. Specifically, ALJ Motta also found at Step Five that, based upon Plaintiff's RFC to perform a reduced range of light work, "there are jobs that exist in significant numbers in the national economy that [Plaintiff] could perform." PageID 47-48.

Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ Motta's (hereafter "ALJ") non-disability finding the final administrative decision of the Commissioner. PageID 33-36. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230,

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id*. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 404.1567(a).

1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B.  **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 35-48), Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 11) and Plaintiff's reply (doc. 12). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

A.  **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the

Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.  **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues the ALJ erred by: (1) improperly weighing medical opinion evidence from treating physician Mrudula Kalpalthika, M.D.; (2) improperly weighing medical opinion evidence from examiner Stephen G. Long and record reviewers Sheila T. Cheruvelil, M.D., Steve E. McKee, M.D., and Anton Freihofner, M.D.; and (3) failing to address a conflict with evidence elicited from the Vocational Expert ("VE"). Doc. 10 PageID 1068-77. Finding merit to Plaintiff's second alleged error -- regarding the ALJ's weighing of medical opinions from Drs. McKee and Freihofner -- the undersigned does not address Plaintiff's remaining alleged errors.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations in then in effect, which control here, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinions must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other

5

substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinions is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." Id. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

Record reviewers McKee and Freihofner both provided opinions in which they concluded that Plaintiff is capable of light work. PageID 130-45. In giving the opinions of these record reviewers "significant weight," the ALJ's entire analysis is as follows:

> [T]he assessments of [Drs. McKee and Freihofner] are generally consistent with the mild objective and clinical findings noted throughout the evidentiary record. The undersigned has added several additional restrictions to account for [Plaintiff's] subjective allegations to the extent supported by the record. Further, although those assessments were performed some time ago, their conclusions are as valid now as they were then because the record does not contain objective or clinical evidence demonstrating any appreciable worsening of [Plaintiff's] physical impairments since that time.

PageID 44. First, the ALJ's analysis is perfunctory, conclusory, and provides no meaningful explanation of the weight given. *Hollon v. Comm'r of Soc. Sec.*, 142 F. Supp. 3d 577, 584 (S.D. Ohio 2015) (holding that "[s]imply restating a non-treating source's opinion and offering a conclusory assessment, without further discussion, fails to satisfy the requirement that the ALJ provide meaningful explanation of the weight given to all the medical opinion evidence"). Although the ALJ found the opinions supported by treatment records, she failed to identify such records and further failed explain why they provide support. The ALJ makes no effort to specifically scrutinize any opinion of the record reviewers and points to nothing in the record to support how they are "generally consistent" with Plaintiff's "objective and clinical findings noted throughout the evidentiary record." PageID 44. The ALJ's conclusory assessment of the record-reviewers' opinions thus fails to give a meaningful explanation of any of the required 20 C.F.R. § 404.1527(c) factors, and is error.

Based upon all of the foregoing, the Court concludes that the non-disability finding must be reversed as a result of the ALJ's failure to properly weigh medical source opinions.

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990);

*Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming and a remand for further proceedings is required. On remand, the ALJ should conduct an appropriate review of all medical opinion evidence of record.

**V.**

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:   February 2, 2018                            s/ Michael J. Newman
                                                    Michael J. Newman
                                                    United States Magistrate Judge